FILED

MAY 05 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL SANGLANG RESURECCION, a.k.a. Michael Sangalang Resurreccion, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 09-72605 Agency No. A077-313-252 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:     RYMER, THOMAS, and PAEZ, Circuit Judges.

Michael Sanglang Resureccion, a native and citizen of the Philippines,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his motion to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reopen deportation proceedings conducted in absentia and denying his motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny the petition for review.

The agency did not abuse its discretion in denying Resureccion's motion to reopen as untimely where he failed to show that he acted with the due diligence required to warrant equitable tolling of the filing deadline. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1) (motion to reopen must be filed within 180 days of deportation order entered in absentia); *Iturribarria*, 321 F.3d at 897 (a petitioner may obtain equitable tolling based on ineffective assistance of counsel as long as he "act[ed] with due diligence in discovering the deception, fraud, or error").

Because the agency's conclusion that Resureccion failed to act with due diligence upon discovering that he had been ordered removed in absentia is dispositive, it was unnecessary for the BIA to remand his case for consideration of whether Resureccion's second counsel provided him with ineffective assistance.

In light of our disposition, we need not address whether Resureccion has demonstrated sufficient compliance with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

**PETITION FOR REVIEW DENIED.**

09-72605